UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                DECISION AND ORDER

                                                                 12-CR-6130L

                        v.

FAWNDELL HENDERSON,

                         Defendant.
_____

       Defendant Fawndell Henderson ("Henderson") and his co-defendant, Ashley Travis ("Travis") have been indicted and charged with narcotics and firearms violations. This Court referred all motions and pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Henderson duly filed a motion to suppress statements that were made by Henderson at the Rochester Police Department Public Safety Building after he had been removed from his residence at 104 Weeger Street, Rochester, New York, where he was arrested upon execution of a search warrant.

       The Magistrate Judge conducted a suppression hearing at which two officers from the Rochester Police Department testified; defendant did not testify.

       Magistrate Judge Payson recommended that this Court deny the motion to suppress. After reviewing the Magistrate Judge's Report and Recommendation and the Objections (Dkt. #56) filed by defendant, I see no reason to modify, reject or vacate the recommendation of the Magistrate Judge. I concur with her assessment and, therefore, deny the motion to suppress.

It is not disputed that at the Public Safety Building Henderson was fully advised of his rights pursuant to *Miranda v. Arizona*, 386 U.S. 436 (1966). It is clear that Henderson was in custody but it is also clear that he received a complete recitation of his *Miranda* rights.

Henderson claims that his statement was not voluntary, but I disagree. Henderson was advised of his rights and voluntarily waived them before speaking to investigators with the police department. The Magistrate Judge found, and I believe the record supports the determination, that Henderson was not under any distress during the interrogation and he never requested an attorney. I also find, as did the Magistrate Judge, that there were no threats or promises not to charge the co-defendant Travis in order to induce Henderson to provide a statement.

The execution of the search warrant was certainly a forceful event, but the statements at issue were not made there; rather, they were made at the Public Safety Building under calm, controlled circumstances. Even if Henderson was motivated to cooperate and provide a statement in the hope that his wife and co-defendant might not be prosecuted, that does not make his statement the product of any coercion nor render it involuntary. I do not believe there is a basis for any finding that the officers acted in a threatening or intimidating manner.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #53) issued by United States Magistrate Judge Marian W. Payson. Based on that Report, which I accept, I deny defendant Fawndell Henderson's motion to suppress statements.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 26, 2013.